No. 920

First Circuit

---

HARVEY v. Y. & M. V. R. R.

---

(Jan. 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 62, 71; Appeal—Par. 749.

An exception no cause of action, referred to the merits and sustained after a trial of the case on the merits, is improperly decided where the petition stated a cause of action. Therefore, case is remanded for trial according to law.

Appeal from District Court, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by Fletcher F. Harvey against Yazoo & Mississippi Valley Railroad.

There was judgment sustaining an exception no cause of action after case was tried on the merits. Plaintiff appealed.

Judgment reversed and case remanded for trial according to law.

H. K. Strickland, of Baton Rouge, attorney for plaintiff, appellant.

H. Payne Breazele, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. Action on account of personal injuries received by the plaintiff in trying to get off a moving passenger train, after the platform apron had been let down over the steps.

An exception of no cause of action was referred by the court to the merits; and then after trial on the merits, the ruling was reconsidered; the exception sustained and the suit dismissed. The plaintiff appealed.

Fletcher F. Harvey alleges that he boarded defendant's passenger train at Baton Rouge with the knowledge and consent of defendant, its agents and employees, for the purpose of assisting a sick lady relative, who had taken the train, to a seat, and finding a place for her baggage.

That as soon as the seat had been found, but before the lady could be seated, the conductor told him that the train was

moving and to get off. That upon being informed that the train was moving and told to get off, he dropped the baggage he was carrying and tried to leave the train; but before he could do so the porter let down the platform over the steps, which made it necessary for him to take hold of the hand railing and step from the platform down to the bottom step of said exit, and that in doing so he got an insecure footing and was, by motion of the train, hurled against the side of the Pullman. That in order to prevent being thrown under the train, he was forced to shove himself loose and fell with violence and force to the ground, upon his knees; as a result of which he was greatly injured.

That his method of leaving the train, his fall and injury, were not due to any fault or negligence on his part; but to the fault and negligence of the railroad company, its agents and employees. That the train was started before he had time to leave it in safety; that it was defendant's duty to hold the train a reasonable time in order that he might have opportunity to leave it in safety. That it was negligence on the part of defendant, its agents and employees to order him to get off the train after it had . started, and in not stopping it after he was ordered to leave it, in order to enable him to leave it in safety. That the necessity of getting off as he did, was an emergency forced on him by the defendant.

If plaintiff was ordered off the train while it was in motion and after the platform apron had been let down over the steps, the train should have been held and an opportunity afforded him to leave the train with safety; and if he was injured in an emergency created by defendant, as alleged, it was a wrongful act on the part of the railroad company, its agents and employees, and creates in plaintiff a right of action against it, because of injuries received in leaving the train, by order of defendant, after it was under headway, and after the platform apron had been let down.

Defendant's agent and employees, who are alleged to have given the order to plaintiff, were experienced men, who knew better than the plaintiff did, the danger of getting off at the time.

The judgment rendered shows that the exception was referred to the merits; that the case was then set for trial and tried on the merits pursuant to a previous assignment, when, on motion of defendant, and after hearing argument, the court reconsidered its previous ruling, referring the exception to the merits, and sustained it and dismissed the. suit. This should not have been done.

As it is, the appeal does not involve the merits of the case. We can only act on the ruling appealed from.

The petition, in our opinion, sets forth a cause of action.

The judgment appealed from is annulled, avoided and set aside.

The exception of no cause of action is overruled and the case remanded for further proceedings, as the law provides.

Defendant and appellee to pay the cost of appeal; the cost in the lower court to abide the final decision of the case.